IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S SENTENCING** |
| vs. ) | **MEMORANDUM** |
| ) | |
| Alicia Standish, ) | Case Number 1:17-cr-113 |
| ) | |
| Defendant. ) | |

## INTRODUCTION

[¶1]   On or about June 7, 2017, Alicia Standish (hereinafter "Alicia") was charged with Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone; Count 2: Distribution of Oxycodone; and Count 6: Possession of Oxycodone with Intent to Distribute in U.S. District Court, District of North Dakota. She was charged with eight co-defendants on the same indictment with various counts.

[¶2]   Alicia was originally arrested June 12, 2017 and taken into custody by the U.S. Marshals. She appeared for her detention hearing on June 13, 2017 for this federal indictment. Alicia was released on July 17, 2017 on bond with conditions to enter a residential treatment program. Pursuant to a plea agreement, Alicia plead guilty on June 19, 2018 to Count 6: Possession of Oxycodone with Intent to Distribute. The Presentence Report was completed by Carly Dalbey. She determined the sentencing guideline range to be as follows:

1. Base Offense Level= 8; (1 KG – 2.5 KG of marijuana equivalent)

2. Acceptance of Responsibility= -2;

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

    3. Total offense level= 6.

Criminal History III, four points. Her sentencing guideline range 2 months to 8 months. (PSR ¶ 68.)

## DEFENDANT'S REQUESTED SENTENCE

[¶3]    Alicia is requesting credit for time served imprisonment with a sentence of one (1) year probation. The reasons for this requested sentence will be explained below.

## MEMORANDUM

[¶4]    The Sentencing Guidelines are no longer mandatory following United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). "…Booker provides district courts the flexibility to tailor individual sentences for each defendant against the framework of the congressionally-approved Guidelines scheme." United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006)(citing Booker, 543 U.S. at 264-65). "…[T]he Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586 (2007). A sentence outside the Guidelines does not require extraordinary circumstances or the use of a rigid mathematical formula. Id. at 552 U.S. 47.

[¶5]    "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should… consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party." Id. at 552 U.S. 49-50. "In so doing, he may not presume that the Guidelines range is reasonable" and "…must make an individualized assessment based on the facts presented." Id. "Under 18 U.S.C. §3553(a), a sentencing court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006)(quoting United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)).

[¶6]  When Alicia is evaluated using the factors set forth in 18 U.S.C §3553(a), it becomes clear that Alicia requires a sentence that will provide the best opportunities for reintegration into society, rather than simple incarceration.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

[¶7]  Alicia is remorseful and takes full responsibility for her actions. She justified being part of the conspiracy to support her drug addiction. Alicia started using drugs at 18 years old. Prior to her arrest, she was intravenously injecting methamphetamine and smoking multiple oxycodone pills daily. She is regretful that her poor decisions have caused so much turmoil in her life and the life of her young daughter.

[¶8]  Growing up, Alicia's mother was an alcoholic, so she was primarily raised by her grandparents. In her early teens, she moved to live with her aunt and uncle. She has never had a relationship with her biological father. Her step-father sexually molested her as a child, but her mother would not acknowledge the incident. This incident, coupled with the alcoholism, has placed a strain on Alicia's relationship with her mother. Currently, Alicia is close with her family, including her mother, but they do not discuss the issues of their past.

**The need for the sentence imposed**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

[¶9]　The Court must consider the needs for general and specific deterrence. However, specific deterrence has largely been achieved through cutting ties with negative influences, successfully completing residential treatment, following through with aftercare, and surround herself with a positive social support network. Therefore, the requested sentence is appropriate.

**Reflect Seriousness of the Offense, to promote respect for the law, and to provide just punishment for the offense**

[¶10]　Alicia does not deny the seriousness of her offense. She accepts that the Court must consider the need for general deterrence. Alicia has four criminal history points, two of which stem from the instant offense being committed while she was on probation. She has never been incarcerated for any extended period of time prior to the instant offense.

**Afford Adequate Deterrence to Criminal Conduct and protect the Public from Defendant's further crimes**

[¶11]　Sparkle has been assessed at a Level 3 on the Post-Conviction Risk Assessment ("PCRA"). Research indicates that only 29% of offenders who score within Level 3 will be re-arrested. Alicia will not be part of this statistic. She has made positive strides to ensure she has all the resources and assistance necessary for continued success with her sobriety. Alicia's relationship with her family, her dedication to relapse prevention, and education all reduce the risk of recidivism.

**Provide Defendant with needed educational, vocational training, medical care, or other correctional treatment in the most effective manner**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

[¶12] Alicia has been a student at the United Tribes Technical College (UTTC) in Bismarck, ND since Spring 2017. She has applied herself very well and has achieved a grade point average of 4.0. *See* Alicia Standish's Midterm Grade Report marked as Defendant's Exhibit A. She had previously attended Bismarck State. She is eager to pursue her dream of graduating from college. Alicia aspires to obtain her master's degree from the University of Mary to become a Clinical Psychologist. In essence, Alicia has used her time while since being released from custody to set herself up to be a productive member of society.

[¶13] While on pretrial release, Alicia had a couple hiccups. She admitted to her pretrial officer of her pill usage and sought additional recovery assistance. It has not been an easy road to recovery for Alicia. She has attempted to quit in her past and had voluntarily, based on her family's insistence, entered treatment four times over the last decade. At long last, Alicia has made the decision for *herself* to overcome her addiction and stay on the path of living a sober lifestyle.

[¶14] Alicia has set her self up for success with overcoming her addiction. She completed a three-month inpatient program through the New Freedom Center after being released from incarceration. She then completed a five-month intensive outpatient program through West Central. She still attends aftercare through West Central once a week. She attends Narcotics Anonymous and Alcoholics Anonymous meetings weekly, as necessary, and stays in close contact with her sponsor. Alicia does volunteer work through the Warriors of the 21st Century Program. One of her best decisions has been joining the Runners Against Destructive Decisions (RADD) running group, started by

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

South Central District Judge David Reich. RADD has given Alicia a healthy alternative to break the cycle of addiction.

**The kinds of sentences available and Range established**

[¶15]   In this case, Alicia's applicable guideline range is in Zone B of the Sentencing Table. As such, a sentence of probation that includes a condition or combinations of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment can be proscribed, along with fines and fees. Alicia requests, as is supported by the information set forth above, a sentence of probation would be best suited for her in order to rehabilitate herself.

**Any pertinent policy statement issued by the Sentencing Commission**

[¶16]   There are no current policy statements issued by the Sentencing Committee which would affect her sentencing.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

[¶17]   Pursuant to the 2016 Sourcebook of Federal Sentencing Statistics, 44.6 percent of cases are sentenced within the guideline range, and 49 percent of cases in are sentenced below the guideline range. *See* Table N, https://www.ussc.gov. In the 8th Circuit, 44.2 percent of cases are within the guideline range, while 52.6 percent are below the guideline range. *See* Table N-8, https://www.ussc.gov. Alicia concedes that the proposed sentence of probation fall within the guideline range. As the statistics reflect, allowing Alicia to continue on the path towards a healthy and productive life by sentencing her to probation would not result in any disparity that is unwarranted.

Page **6** of **8**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

Defendant's Sentencing Memorandum

[¶18]   Regarding the other co-defendants, at this time, no others have been sentenced. Daniel Wells, Storm Grey Cloud, Lareco Koger Jr., and Jeffrey Hester-Jackson set for trial. The undersigned is unaware of the status Victor Wakefield's case but acknowledges he is charged in multiple pending indictments. Demarco Ritter, Curtis Wells, Jazmin Lambert are scheduled for sentencing.

**The need to provide restitution to any victims of the offense.**

[¶19]   There is no amount of restitution set forth in the Presentence Investigation Report.

## CONCLUSION

[¶20]   Alicia is 29 years old on the road to recovery. There is no indication she will commit further criminal activity. She is ready and eager to contribute to society. Based on the foregoing, Alicia respectfully requests to be given credit for time served and placed on probation for a period of one (1) year.

Submitted this 10th day of September, 2018.

PRINGLE & HERIGSTAD, P.C.

By /s/ Ashley Flagstad
Ashley A. Flagstad (ID #07503)
aflagstad@pringlend.com
P.O. Box 1000
Minot, ND 58702-1000
(701) 852-0381
Attorney for Defendant

## Certificate of Service

I hereby certify that on the 10th day of September, 2018, the following document:

**Defendant's Sentencing Memorandum**

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

    Rick Volk               rick.volk@usdoj.gov

I further certify that copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participants:

*N/A*

Dated this 10th day of September, 2018.

                                        */s/ Ashley Flagstad*
                                        Ashley A. Flagstad (ID #07503)
                                        aflagstad@pringlend.com
                                        P.O. Box 1000
                                        Minot, ND 58702-1000
                                        (701) 852-0381
                                        Attorney for Defendant